**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

| | |
|---|---|
| JOSEPH CATLIN MIXSON and VIRGINIA BREANN MIXSON,<br><br>    Plaintiffs,<br><br>v.<br><br>C. R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.,<br><br>    Defendants. | Case No.: 1:21-cv-00030-AW-GRJ |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE
POST-DATING THE SALE OF THE SUBJECT FILTER**

Based on prior trials, Bard anticipates Plaintiffs will identify for use at trial extensive deposition testimony and hundreds of potential trial exhibits consisting of internal Bard e-mails, memoranda, analyses, PowerPoint presentations, and medical literature, exclusively regarding events that post-date when Mr. Mixson was treated with Bard's G2® Filter (the "Filter") on September 18, 2007. Plaintiffs attempt to use this evidence, which ***did not exist*** at the time of implant, to malign Bard's conduct or to prove Bard acted unreasonably based only on hindsight. Under Florida law, however, ***whether Bard was negligent must be established based on the time the product left Bard's control***. Based on the available evidence, it is unclear exactly when Mr. Mixson's Filter was sold. Accordingly, Bard contends that the date of implant, September 18, 2007, should be used as the date when the Filter left Bard's

control. (**Ex. A**, MIXSONJ_BAMC_MDR01502.) Therefore, unless sufficient foundation is laid establishing its relevance to Plaintiffs' negligent design claim or damages, the Court should generally exclude all evidence that post-dates September 18, 2007, as irrelevant or because any marginal relevance is substantially outweighed by the risk of unfair prejudice to Bard.[1] For these reasons, and as stated below, any post-sale evidence supporting Plaintiffs' defect claim should be excluded under Federal Rules of Evidence 401 and 403.[2]

## I. Argument

In the Bard IVC filter litigation, multiple courts around the country have ruled that post-implant evidence is inadmissible. *See Keen v. C.R. Bard, Inc.*, 480 F. Supp. 3d 624, 633 (E.D. Pa. 2020) ("[T]he Court will not consider data postdating Mr. Keen's interactions with the medical world to the extent it is relied upon to discern Bard's knowledge prior to the implantation or the harmfulness of the filter at the time at issue."); *Nolen v. C.R. Bard Inc.*, No. 3:19-CV-0799, 2021 WL 2144835, at *3 (M.D. Tenn. May 26, 2021) (holding that "(1) Nolen shall not introduce evidence

---

[1] Bard asserts that there may be only a few post-implant documents that are relevant to Bard's knowledge or the design of the Filter before the date of implant or to Plaintiffs' damages. Thus, a general exclusion is necessary, and Plaintiffs first should be required to lay a foundation establishing an exception to the general rule before any post-implant evidence is shown to or discussed with the jury.

[2] Bard is also filing a motion *in limine* to exclude evidence of a July 13, 2015, FDA Warning Letter. Because the evidence at issue in that motion also post-dates September 18, 2007, it should independently be excluded for the reasons set forth herein.

that is solely in support of a claim based on a post-sale duty to warn and (2) Nolen shall not introduce evidence related to the design or labeling of the Meridian Filter that arose after [the implant date of] July 9, 2012, unless he establishes the foundation for the relevance of that evidence and moves the court at trial for an exception to this Order"); **Ex. B**, Pretrial Conf. Tr. 66:21 – 67:13, *Conn, et al. v. C. R. Bard, Inc.*, Case No. 4:14-cv-00298-ASN (S.D. Tex. Oct. 15, 2021); *Id.* at 11:1-14 (Oct. 18, 2021) (explaining that, as a "general proposition," post-implant evidence is irrelevant). Likewise, courts across the country have routinely reached similar determinations in other prescription medical device and product-liability cases.[3]

---

[3] *See e.g., Toole v. McClintock*, 999 F.2d 1430, 1434 (11th Cir. 1993) (Alabama law) ("The report contained findings proposed by the FDA in 1990, years after the dates of Ms. Toole's initial implant surgery or her later capsulotomy. As a simple matter of timeliness, those statements are irrelevant and inadmissible on what Heyer–Schulte knew or should have known about risks before 1988."); *Gelber v. Stryker Corp.*, 788 F. Supp. 2d 145, 160 (S.D.N.Y. 2011) (granting summary judgment because "Plaintiffs fail to explain how defendants could have acted on the findings from these medical studies, when the results of these studies were not presented until 2006, approximately two years after she received her implant."); *Brady v. Zimmer, Inc.*, No. CIV.A. 10-3043, 2015 WL 2092850, at *3 (D.N.J. May 4, 2015) ("Subsequent remedial measures taken after the August 23, 2006 implant surgery are not relevant to the claims at issue in the matter, and may not be used as proof of negligence or culpable conduct."); *In re Wright Med. Tech. Inc.*, No. 1:13-CV-297-WSD, 2015 WL 6690046, at *9 (N.D. Ga. Oct. 30, 2015) ("Evidence of Defendants' knowledge acquired after Plaintiff's April 24, 2006, implantation surgery is not relevant to the issue of whether the Conserve Hip Implant System was defective or unreasonably dangerous at the time it was sold by Defendants."); *Bartlett v. Mut. Pharm. Co.*, No. 08-CV-358-JL, 2010 WL 2990816, at *3 (D.N.H. July 23, 2010) ("[P]ost-treatment literature and data could not possibly have affected Dr. Ergin's

Under Florida law, "[n]egligence is the failure to use reasonable care, which is the care that a reasonably careful [manufacturer] would use *under like circumstances*." SUBSTANTIVE INSTRUCTIONS, JICIV FL-CLE 400-1, 403.9 (emphasis added). "[I]f a manufacturer permissibly chooses a 'safe' product rather than a 'safer' product, hindsight should not be employed to retroactively recharacterize this into a choice between a 'safe' product and an 'unsafe' product. Such evidence of subsequent changes would confuse and mislead the jury." *Voynar v. Butler Mfg. Co.*, 463 So. 2d 409, 412 (Fla. Dist. Ct. App. 1985). Thus, it is a well-recognized principle that the issue is whether a product was defective *at the time of its manufacture and sale*. *See Light v. Weldarc Co.*, 569 So. 2d 1302, 1304 (Fla. Dist. Ct. App. 1990) ("[T]he focus under this claim is upon the product as sold ... [t]he issue to be resolved is whether the product, at the time it left the seller's hands,"

---

decision to prescribe Sulindac to Bartlett and thus is not relevant"); *Padilla v. Hunter Douglas Window Coverings, Inc.*, No. 09 CV 1222, 2014 WL 553173, at *1 (N.D. Ill. Feb. 10, 2014) ("Because the salient time of inquiry is when the window blinds at issue were manufactured and sold, any evidence of accidents that took place post-sale and the degree of Defendant's knowledge of those incidents post-sale have no probative value."); *Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV-00022-JHM, 2017 WL 11683138, at *2 (W.D. Ky. Nov. 22, 2017) ("An operating instruction guide containing numerous warnings and instructions to product users that post-date the accident is not relevant to the negligence claim. This General Start Up and Operating Instructions do not make it more or less likely that Defendant was negligent in its design of the product in question."); *Anderson v. Nissan Motor Co.*, 139 F.3d 599, 602 (8th Cir. 1998) (Nebraska law) ("The district court determined that post-sale evidence was not relevant because the post-sale causes of action had been eliminated from the case. In addition, the court determined that the prejudicial effect of the evidence and its tendency to confuse the jury required its exclusion.").

is defective); *see also Pantages v. Cardinal Health 200, Inc.*, No. 508-CV-116-OC-GRJ, 2009 WL 2244536, at *3 (M.D. Fla. July 27, 2009) ("In a products liability suit against a manufacturer, whether sounding in negligence or strict liability, the plaintiff must show that the product is defective, that the defect existed at the time the product left the manufacturer's possession, and that the product's defect caused the injuries of which Plaintiff complains."); *Valencia v. Sanborn Mfg. Co.*, No. 04-21416-CIV, 2005 WL 5957819, at *13 (S.D. Fla. Aug. 11, 2005) ("[T]he threshold question under both theories of liability (negligence and strict liability) is whether the [product] had a defect at the time of its manufacture and sale."); *Keller Indus. v. Volk*, 657 So. 2d 1200, 1204 (Fla. Dist. Ct. App. 1995) ("[B]ecause the design change must have been feasible at the time of manufacture, if the improvement could not have been made when the product was manufactured, then the improvement is, as a matter of law, irrelevant to the issue of defectiveness."); *Ellis v. Golconda Corp.*, 352 So. 2d 1221, 1224 (Fla. Dist. Ct. App. 1977) (holding that a pre-accident design change was not relevant to defectiveness of valve where the improvement was based on technology not available at the time of manufacture).

In light of the foregoing, under Florida law, Bard's duty under Plaintiffs' negligent design claim is based on the standard of care that hinges on Bard's knowledge in the particular circumstances at the time of Plaintiff's implant. As these many other courts have found, post-sale evidence—whether medical literature,

5

internal company communications, or regulatory communications—has no relevance to a company's knowledge and conduct at the time the product left its possession, which is the key metric in Plaintiffs' only remaining cause of action. A company cannot be liable for failing to know or take action on data that ***did not exist*** when the product was sold. And any marginal relevance would be substantially outweighed by confusing the issues and misleading the jury about what Bard knew at the time Mr. Mixson was treated with the G2 Filter.

Accordingly, the Court should generally exclude all evidence that post-dates Mr. Mixson's treatment with the G2 Filter on September 18, 2007, unless sufficient foundation is laid establishing its relevance to Plaintiffs' negligent design claim or damages.

## II.     Conclusion

For these reasons, Bard respectfully requests the Court grant Defendants' Motion *in Limine* to Exclude Evidence Post-Dating the Sale of the Subject Filter.

## LOCAL RULE 7.1(C) CERTIFICATION

Pursuant to Local Rule 7.1(C), the undersigned certifies that he conferred with the plaintiffs' counsel by email on August 8, 2022, in a good-faith effort to resolve the issues raised by this motion, but plaintiffs' counsel did not indicate that they would consent to the relief requested by this motion.

## LOCAL RULE 7.1(F) CERTIFICATION

Pursuant to Local Rule 7.1(F), counsel certifies that this Brief contains 1,560 words.


Dated: September 26, 2022

Respectfully submitted,

*/s/ Matthew B. Lerner*
Matthew Brian Lerner
Florida Bar No. 548618
Email: matthew.lerner@nelsonmullins.com
Dennis Andrew Hom
Admitted *pro hac vice*
Email: dennis.hom@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Tel: (404) 322-6000
Fax: (404) 322-6050

*Counsel for Defendants C. R. Bard, Inc., and Bard Peripheral Vascular, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 26, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the service list below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Matthew B. Lerner*
Matthew B. Lerner