## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

JOSEPH CATLIN MIXSON, et al.,

                *Plaintiffs*,

      v.

C. R. BARD, INC., et al.,

                *Defendants*.

Case No.: 1:21-cv-00030-AW-GRJ

## PLAINTIFFS' MEORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE ALL EVIDENCE DATING AFTER SEPTEMBER 18, 2007

The sweeping nature of Defendants' request underscores its overbreadth and the impracticability of implementing it. Motions *in limine* are meant to preclude the introduction of evidence that would be highly prejudicial. Here, Defendants' motion should be denied for two reasons: *First*, Defendants do not identify any particular evidence that should be excluded, so the motion is deficient for that reason. *Second*, post-implant evidence is relevant for myriad other reasons, including to show what Defendants should have known before the implant, for notice, to prove feasibility of an alternative design, to prove that the design at the time of implant was defective, and to show that the risks of the design outweigh the benefits. Plaintiffs respectively request that this Court deny the motion and

Defendants request to require Plaintiffs to provide foundation for certain evidence would function a special rule that is unjustified.

## I. AUTHORITY AND ARGUMENT

The limited scope of a motion *in limine* is "for the purpose of prohibiting opposing counsel from offering evidence on matters *so highly prejudicial* to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (emphasis supplied). A motion *in limine* is *not* "a vehicle for resolving factual disputes or testing the sufficiency of…evidence." *Graves v. D.C.*, 850 F.Supp.2d 6, 11 (D.D.C.2011). Neither is its purpose to "reiterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence." *Maggette v. BL Development Corp.*, 2011 WL 213478 *4 (N.D. Miss. May 27, 2011).

"Motions *in limine* should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial . . . . [and] should address specific pieces of evidence that are inadmissible on any relevant ground." *Rj's Int'l Trading v. Crown Castle S. Llc*, No. 20-25162-CIV-ALTONAGA/Torres, 2021 U.S. Dist. LEXIS 248391, at *2 (S.D. Fla. Dec. 2, 2021) (citations and internal quotations omitted). "The court may deny a motion *in*

*limine* when it lacks the necessary specificity with respect to the evidence to be excluded." *Id.* (citations and internal quotations omitted).

*First*, Defendants fail to identify any specific evidence, nor show that it is inadmissible on any relevant ground. It goes without saying that evidence that is not relevant is generally not admissible. Fed. R. Evid. 402. But a motion *in limine* should not be used to restate the rule, nor create special requirements for Plaintiffs regarding foundation for large swaths of evidence. Because Defendants have not identified any specific evidence that purportedly should be excluded, it should be Defendants burden to object at trial and explain how any particular evidence lacks relevance on any relevant ground. By Defendants' reasoning, its expert reports and expert testimony would be excluded, along with 63% of the exhibits with dates on its exhibit list (177 out of 282 exhibits). So too, any depositions taken in this case, and any post-implant medical care. For example, Defendants' expert, Dr. Morris, relies on 56 post-implant documents, and 173 medical articles dated 2008 or later. Morris Report, pp. 56-72 (Doc. 61-6). It would contort the rules of evidence for Plaintiffs to provide a showing of the relevance of each category of evidence in the abstract.

*Second*, post-implant evidence is relevant to show whether the performance of the filter was "reasonably safe". *Witt v. Norfe, Inc.*, 725 F.2d 1277, 1278 (11th Cir. 1984). "The quality of the product may be measured not only by the

information available to the manufacturer at the time of design, but also by the

information available to the trier of fact at the time of trial." *Dart v. Wiebe Mfg.*,

147 Ariz. 242, 247, 709 P.2d 876, 881 (1985) (referring to inquiry as "hindsight

test").

      Post-implant evidence is relevant for a variety of other reasons. Plaintiffs

agree with the underlying premise—that as to the design defect claims, they must

prove that the G2 filter was defective at the time of implant. That does not preclude

relevant post-implant evidence that tends to show the product was defective at the

time of implant because it was not reasonably safe. Plaintiff may also use this

evidence to prove what Defendants should have known before the implant. The

question, of course, is whether Defendants failed to use reasonable care in the

design of the filter. *Id.* While its knowledge at the time of implant is certainly

relevant, to the extent Defendants failed to learn information that a reasonably

careful manufacturer would have learned, then even post-implant evidence is

relevant to prove that element. Post-implant design changes are also relevant to

foreseeability of danger, and feasibility of alternative designs. *Readenour v.

Marion Power Shovel*, 149 Ariz. 442, 447-48, 719 P.2d 1058, 1063-64 (1986)

(reversing exclusion of post-sale evidence in design defect case). Much of the post-

implant evidence is focused on the performance of the G2 filter, which is relevant

to whether the filter performed as a reasonable consumer would expect (and, to the

extent Plaintiffs elect to present this evidence, whether the risks outweigh the

benefits, and whether there were reasonable alternative designs). *Aubin*, 177 So. 3d

498 (Fla. 2015); *Pierre*, 476 F. Supp. 3d at 1274.

This Court should deny Defendants' motion for blanket exclusion of

evidence dated after September 18, 2007.

DATED this 11th  day of October, 2022.

/s/ Ramon Rossi Lopez
RAMON ROSSI LOPEZ (CA Bar #86361)
Admitted *Pro Hac Vice*
LOPEZ McHUGH LLP
120 Vantis Dr. Suite 430
Aliso Viejo, CA 92656
(877) 737-8525 - Toll Free
(949) 737-1501 - Telephone
rlopez@lopezmchugh.com

*Counsel for Plaintiffs*

## LOCAL RULE 7.1(F) CERTIFICATION

Pursuant to Local Rule 7.1(F), counsel certifies that this brief contains 921

words. The undersigned relies on the word count generated by the word processing

software used to prepare this document.

/s/ Ramon Rossi Lopez
Ramon R. Lopez

## CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of October, 2022, I caused to be served through the ECF system a true and legible copy of the foregoing document upon counsel of record.

*/s/ Ramon Rossi Lopez*
Ramon Rossi Lopez