IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOSEPH CATLIN MIXSON,

    Plaintiff,

v.                                              Case No. 1:21-cv-130-AW-MJF

C.R. BARD INC. and BARD
PERIPHERAL VASCULAR, INC.,

    Defendants.
_____/

## JURY INSTRUCTIONS

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have completed these instructions and you have heard closing arguments, you will go to the jury room and begin your discussions—what we call your deliberations.

\* \* \*

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the court's instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

1

\* \* \*

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters. The lawyers may discuss the facts with you in their closing arguments. They will not intentionally misrepresent any facts, but they are relying on their own memories just as you will have to rely on your own memories. So if their recollection of the facts differs from yours, you must rely on your own. Again, what the lawyers say is not evidence.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

\* \* \*

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case. The parties have made the following stipulations:

(1)   The Defendants in this case are C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("BPV").

(2)   BPV is a wholly owned subsidiary of C. R. Bard, Inc., the parent company. Through this case and on the verdict form, the Defendants will be referred to collectively as "Bard" or "Defendants."

(3)  The product that is the subject of this lawsuit is a Bard G2 Filter designed, marketed, and sold by Bard.

(4)  The G2 Filter is a prescription medical device that is placed in the inferior vena cava, the largest vein in the human body, which leads to the heart.

(5)  The G2 Filter is intended to trap blood clots arising from the venous system in the pelvis and legs to aid in protecting against blood clots flowing into the lungs or heart.

(6)  The G2 Filter is conical in shape and consists of a main shaft to which twelve struts (six "arms" and six "legs") are attached.

(7)  The G2 Filter is constructed of a nickel-titanium alloy called Nitinol.

(8)  In September 2007, after undergoing bilateral leg amputations, Mr. Mixson developed deep vein thrombosis (DVT) and pulmonary embolism (PE).

(9)  Thereafter, on September 18, 2007, Mr. Mixson had a G2 Filter placed by Dr. Anthony Goei at Brooke Army Medical Center in Texas.

* * *

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of several witnesses taken prior to this trial have been presented to you by video. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

* * *

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

3

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

\* \* \*

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

\* \* \*

Some exhibits admitted into evidence have been partially "redacted," which means that certain contents of the exhibits have been blacked out or whited out. The parties and I have redacted information that is not properly admitted as evidence. You may give the unredacted information in any exhibit whatever weight you

4

choose, but you must disregard the redacted information and must not speculate about what it might say.

* * *

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

* * *

Federal law prohibits current FDA employees from testifying in court regarding any function of the FDA without authorization of the Commissioner of the FDA. As a result, neither side in this case was able to present testimony from FDA employees regarding the discharge of their duties related to this case.

* * *

In this case it is the responsibility of Mr. Mixson to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for Bard.

* * *

The claim in this case is as follows:

*Negligence*: Mr. Mixson claims Bard was negligent in design of the Bard G2 Inferior Vena Cava Filter and that Bard's negligence was the legal cause of his harm.

5

Bard denies those claims.

\* \* \*

Negligence is the failure to use reasonable care, which is the care that a reasonably careful company would use under like circumstances.

Negligence is doing something that a reasonably careful company would not do under like circumstances or failing to do something that a reasonably careful designer, manufacturer or seller would do under like circumstances.

\* \* \*

For there to be a negligent design, the product designed must be defective.

A product is defective because of a design defect if it is unreasonably dangerous to the user.

A product is unreasonably dangerous because of its design if the risk of danger in the design outweighs the benefits.

Factors that may be considered when weighing the risks and benefits of the design include:

(1) the usefulness and desirability of the product, including the potential that it had to improve Mr. Mixson's condition;

(2) the availability at the time of Mr. Mixson's implant surgery of other and safer products to meet the same need;

(3) the likelihood of injury and its probable seriousness;

(4) the obviousness of the danger;

(5) common knowledge and normal public expectation of danger;

(6) the avoidability of injury by care and use of the product; and

(7) the ability to eliminate the danger without seriously impairing the usefulness of the product or making it unduly expensive.

In deciding whether the IVC filter was defectively designed, you shall consider the state-of-the-art of scientific and technical knowledge and other circumstances that existed at the time of the IVC filter's manufacture, not at the time of the injury.

\* \* \*

A product is not defective or unreasonably dangerous merely because it is possible to be injured while using it.

Thus, the mere fact that an injury occurs while one is using a product is not sufficient to show that the product was improperly designed or that it was defective or unreasonably dangerous.

\* \* \*

Negligent design is a legal cause of injury if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so that it can reasonably be said that, but for the negligence resulting in the defect, the injury would not have occurred.

\* \* \*

If the preponderance of the evidence does not support Mr. Mixson's claim, your verdict should be for Bard.

If, however, the preponderance of the evidence supports Mr. Mixson's claim, then your verdict should be for Mr. Mixson and against Bard.

\* \* \*

Although Bard is required to comply with certain FDA regulations before it is allowed to sell the G2 filter, FDA did not make an independent finding of safety or efficacy about the G2 filter. FDA action or inaction is a factor you may consider, but it is not controlling on the issues of whether Bard was negligent or whether the G2 filter was defectively designed.

\* \* \*

If you find for Bard, you will not consider the matter of damages. But if the preponderance of the evidence supports Mr. Mixson's claim, you should determine and write on the verdict form, in dollars, the total amount of damages which the preponderance of the evidence shows will fairly and adequately compensate him for his injury, including any damages that Mr. Mixson is reasonably certain to incur or experience in the future. You shall consider the following elements:

7

Any bodily injury sustained by Mr. Mixson and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, or loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

* * *

If the preponderance of the evidence shows that Mr. Mixson has been permanently injured, you may consider his life expectancy. Mortality tables show that the average expectancy of life of a man Mr. Mixson's age is 42.36 additional years. This figure is not binding on you but may be considered together with other evidence in the case bearing on Mr. Mixson's health, age and physical condition, before and after the injury, in determining the probable length of his life.

* * *

In considering the issue of a plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of that plaintiff's damages, no more and no less. Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize Bard. Also, compensatory damages must not be based on speculation or guesswork.

* * *

Of course, the fact that I have given you instructions concerning the issue of Mr. Mixson's damages should not be interpreted in any way as an indication that I believe that the Mr. Mixson should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

\* \* \*

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience. Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.